JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Diane Cannon

**(b)** County of Residence of First Listed Plaintiff    Montgomery, PA

(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Vicki Piontek, Esquire
951 Allentown Rd, Lansdale PA 19446 877-737-8617

## DEFENDANTS

Midland Credit Management, Inc.

County of Residence of First Listed Defendant    San Diego, CA

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Ronald M. Metcho, Esq. Marshall, Dennehey, Warner, Coleman & Goggin
2000 Market Street, Philadelphia, PA 19103   215-575-2595

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits. | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent, Lease & Ejectment | ☐ 443 Housing / Accommodations | ☐ 530 General | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities- Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities- Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1681, et seq. and 15 U.S.C. § 1692, et seq.

Brief description of cause:
Fair Credit Reporting Act and Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE   October 9, 2012

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DIANE CANNON** | **Civil Action No.** |
| Plaintiff, | |
| **vs.** | |
| **MIDLAND CREDIT MANAGEMENT, INC., JOHN DOES 1-10 AND X,Y,Z, CORPORATIONS,** | |
| Defendants. | |

## <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendant, Midland Credit Management, Inc. ("MCM"), by and through their Counsel, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., hereby removes the action entitled <u>Diane Cannon v. Midland Credit Management, Inc., John Does 1-10 and X,Y,Z Corporations</u>, docket no. 2012-19034, as filed in the Court of Common Pleas of Montgomery County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1.     On or about July 23, 2012, Plaintiff filed the Action in the Court of Common Pleas of Montgomery County, Pennsylvania. A true and correct copy of Plaintiff's Original Complaint in the Action is attached hereto as Exhibit "A."

2.     MCM first received notice of the filing of Plaintiff's Original Complaint on or around September 10, 2012, when it was served with Plaintiff's Original Complaint via certified mail.

3.     On or about September 17, 2012, Plaintiff filed an Amended Complaint in the Court of Common Pleas of Montgomery County, Pennsylvania. A true and correct copy of Plaintiff's Amended Complaint in the Action is attached hereto as Exhibit "B."

4.     Based on the foregoing, MCM has timely filed this Notice of Removal within thirty days of the filing of the Amended Complaint, within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable.  See 28 U.S.C. § 1446(b).

5.     The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by MCM pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged, *inter alia,* that MCM violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. and the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting claims that arise under federal law.

6.     In that the causes of action alleged by the Plaintiff arise from the performance of obligations of the parties within Montgomery County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

2

7.     Pursuant to 28 U.S.C. § 1446(d), MCM will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Montgomery County Court of Common Pleas.

**WHEREFORE**, Defendant, Midland Credit Management, Inc., notifies this Court that this cause is removed from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

By:  _____
RONALD M. METCHO, ESQUIRE
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2595 / (215) 575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendant
Midland Credit Management, Inc.

Dated: October 9, 2012

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DIANE CANNON

              Plaintiff,

    **vs.**

**MIDLAND CREDIT MANAGEMENT,**
**INC., JOHN DOES 1-10 AND X,Y,Z,**
**CORPORATIONS,**

              Defendants.

**Civil Action No.**

## CERTIFICATE OF SERVICE

I, Ronald M. Metcho, Esquire, do hereby certify that a true and correct copy of Defendant, Midland Credit Management, Inc.'s, **Notice of Removal** was served upon the below-listed counsel of record by regular mail on October 9, 2012.

> Vicki Piontek, Esquire
> 951 Allentown Road
> Lansdale, PA 19446
> Attorney for Plaintiff
> Diane Cannon

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN, P.C.**

By: _____
RONALD M. METCHO, ESQUIRE
Attorneys for Defendant
Midland Credit Management, Inc.

Dated: October 9, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **DIANE CANNON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MIDLAND CREDIT MGMT., INC.** | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)   Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                        ( )

(b)   Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                ( )

(c)   Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)   Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                          ( )

(e)   Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                            ( )

(f)   Standard Management--Cases that do not fall into any one of the other tracks.           (X)

| | | |
|---|---|---|
| October 9, 2012 | _Ronald Metcho, Esquire_ | Defendant, Midland Credit Management, Inc |
| Date | Attorney-at-law<br>Ronald Metcho, Esquire. | Attorney for |

| | | |
|---|---|---|
| | | rmmetcho@mdwcg.com |
| (215) 575-2595 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

551629

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See § 1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff ___ Diane Cannon c/o Vicki Piontek, Esquire - 951 Allentown Road, Lansdale, PA 19446 ___

Address of Defendant ___ Midland Credit Management, Inc.  c/o Ronald M. Metcho, Esquire – 2000 Market Street, Philadelphia, PA 19103 ___

Place of Accident, Incident or Transaction ___ Montgomery County, PA ___
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒
*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)   FDCPA

B.  *Diversity Jurisdiction Cases*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, ___ Ronald M. Metcho, Esquire ___ counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE ___ October 9, 2012 ___   ___ Ronald M. Metcho ___   ___ 202807 ___
                                      Attorney-at-Law                  Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE ___ October 9, 2012 ___   ___ Ronald M. Metcho ___   ___ 202807 ___
                                      Attorney-at-Law                  Attorney I.D. #

# EXHIBIT "A"

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Diane Cannon
c/o Piontek Law Office
951 Allentown Road
Lansdale, PA 19446

                    Plaintiffs

Vs.

Midland Credit Management
8875 Aero Drive, Suite 200
San Diego, California 92123
and
John Does 1-10
and
X,Y,Z Corporations

                    Defendant(s)

2012-19034

Jury Trial Demanded

2012 JUL 23 PM 10:51
MAIL RECEIVED
PROTHONOTARY
MONTGOMERY COUNTY

## COMPLAINT

1.    This is an action brought by a consumer for violation of alleged violations of the Fair Credit Reporting Act (FCRA), 15 USC 1681 et. Seq., and the Fair Debt Collection Practices Act, 15 USC 1692 et. seq.

2.    Plaintiff is Diane Cannon, an adult individual and resident of Pennsylvania, with a mailing address of c/o Piontek Law Office, 951 Allentown Road, Lansdale, PA 19446.



2012-19034-0002
7/23/2012 2:25:21 PM
Complaint In
Receipt #Z1587123      Fee      $0.00
Mark Levy - Montgomery County Prothonotary

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA

Diane Cannon
c/o Piontek Law Office
951 Allentown Road
Lansdale, PA  19446

               Plaintiffs

Vs.
Midland Credit Management
8875 Aero Drive, Suite 200
San Diego, California 92123
and
John Does 1-10
and
X,Y,Z Corporations

             Defendant(s)

2012-19034

Jury Trial Demanded

**NOTICE**

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

3.      Defendants are the following.

a.  Midland Credit Management , 8875 Aero Drive, Suite 200, San Diego, California 92123.

b.  John Does 1-10, individuals or business entities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

c.  X,Y,Z Corporations, business identities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

## JURISDICTION AND VENUE

4.   All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

5.   Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania, and in this jurisdiction.

6.   Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

7.   A substantial portion of the transaction, occurrences, acts or omissions occurred near this jurisdiction.

8.   Certain key witnesses with similar fact patters may be located in this jurisdiction.

**COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT,**

**15 USC 1681 S-2 *"Johnson Violation"***

9. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

10. At all times mentioned herein Plaintiff was a consumer as defined by the FCRA.

11. At all times mentioned herein Defendant was a furnisher of information as defined by the FCRA.

12. At various times in writing, Plaintiff contacted Defendant about and alleged consumer debt that appeared on Plaintiff's credit report.

13. The alleged consumer debt had been placed on Plaintiff's credit report by Defendant, and Defendant was therefore a furnisher of information for purposes of the FCRA.

14.    15 USC 1681 s-2 requires a furnisher to conduct a reasonable investigation of an account which appears on a consumer's credit report, upon written request of the consumer to do so.

15.    The United States Court of Appeals for the Fourth Circuit held that the FCRA requires furnisher to conduct detailed examinations of the documents underlying customer transactions before responding to inquiries about a customer's debt, instead of relying on computer databases that provide convenient but potentially incomplete or inaccurate customer account information.  See *Johnson v. MBNA America Bank*, No. 03-1235 (February 11, 2004).

16.    At various times in writing, Plaintiff requested that Defendant conduct an investigation about the alleged consumer debt that appeared on Plaintiff's credit report.

17.    Defendant(s) failed and willfully refused to conduct an investigation of Plaintiff's account in violation of Defendant's duties pursuant of 15 USC 1681 s-2 et. seq.

18.   After Defendant(s) failed and willfully refused to conduct and investigation of
      Plaintiff's account, Defendant(s), Plaintiff was left with no other recourse than
      to dispute the account with the relevant credit reporting agency(ies) (CRAs).

19.   After Plaintiff disputed the account with the relevant credit reporting
      agencies(s), Defendant then verified the alleged account with the relevant
      credit reporting agencies, Defendant(s) despite having willfully refused to
      conduct an investigation of Plaintiff's account in violation of Defendant's
      duties pursuant of 15 USC 1681 s-2 et. seq.

20.   Upon information and belief, it is averred that Defendant(s) have a standard
      practice policy which contradicts it's duties pursuant to 15 USC 1861 s-2.

## COUNT TWO:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 ET. SEQ.

21.     The previous paragraphs of this complaint are incorporated by reference and made a part of this action.

22.     At all relevant times in this Complaint, Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

23.     At all relevant times in this Complaint, Defendant(s) was / were acting as a debt collector(s) as defined by the FDCPA, 15 USC 1692 et. seq.

24.     At all times mentioned herein, Defendant(s) was / were attempting to collect on an alleged consumer debt against Plaintiff.

25.     At all times mentioned in this Complaint, Defendant(s) has a duty to comply with all applicable laws governing collection procedures on Plaintiff's consumer account(s), pursuant to 15 USC 1692 f.

26.  By breaching its duties under 15 USC 1681 s-2, Defendant(s) also breached

its duties under 15 USC 1692 f, to refrain from any collection activity that is

illegal or unconscionable.

27.  Defendant(s) engaged in illegal and unconscionable collection in violation of

15 USC 1692 f et. seq. (FDCPA), when Defendant(s) violated 15 USC 1681

s-2 et. seq (FCRA).

## LIABILITY

28.     The previous paragraphs of this complaint are incorporated by reference and made a part hereof.

29.     At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to for the acts committed by its agents and / or employees under the doctrine of respondeat superior.

30.     At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to Plaintiff for the acts committed by its agents and / or employees under the theory of joint and several liability because Defendant and its agents were engaged in a common business venture and were acting jointly and in concert.

## PRIVATE·CAUSE OF ACTION BY PLAINTIFF AGAINST FURNISHER UNDER FAIR CREDIT REPORTING ACT

31.   Plaintiff bring this action against Defendant(s) under 15 USC 1681 s-2(b), as
distinguished from 15 USC 1681s-2(a).

32.   There is no private cause of action under 15 USC 1681s-2(a).

33.   But there is a private cause of action under 15 USC 1681s-2(b).  See the
following case law which distinguishes between the government right of.
action under 15 USC 1681s-2(a), and the private cause of action under 15
USC 1681s-2(b).

<u>Marshall v. Swift River Academy, LLC, 2009 WL 1112768 (9th Cir. 2009).</u>
A consumer has no private right of action under FCRA against furnisher merely
because the furnisher failed to provide accurate information to·consumer reporting·
agencies.

<u>Beisel v. ABN Ambro Mortgage, Inc., No. 07-2219, 2007 WL2332494, *1 (E.D.
Pa. Aug. 10, 2007).</u>
In order to prevail on a FCRA claim Plaintiff "must prove [he] notified a credit
reporting agency of the dispute, the credit reporting agency then notified·the
furnisher of information, and the furnisher of information failed to investigate or
·rectify the disputed charge.").

<u>Catanzaro v. Experian Information Solutions, Inc., 671 F. Supp.2d 256, 260 (D.
Mass. 2009).</u>
Notification by a consumer reporting agency to the furnisher is a prerequisite for
furnisher liability under FCRA.

<u>Kaetz v. Chase Manhattan Bank, 2007 WL 1343700, *3 (M.D. Pa. 2006).</u> The
Court dismissed Plaintiff's Complaint, but only because Plaintiff failed to allege
that he disputed the accuracy of the debt to a credit agency, or that the credit .
agency thereafter reported dispute to defendant.

34.   Because Plaintiff first disputed the account with Defendant(s) , and then disputed the account with the credit reporting agency afterwards, and then Defendant(s) verified the derogatory information to the Credit Reporting Agency(ies) in a manner that was unacceptable under FCRA, Plaintiff does have a private cause of action against Defendant under these particular circumstances.

## DAMAGES

35.    The preceding paragraphs are incorporated by reference and made a part hereof.

36.    Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, gas, mileage, etc.

37.    Plaintiff demands $1,000.00 statutory damages under 15 USC 1681 et. seq.

38.    Plaintiff demands $1,000.00 statutory damages under 15 USC 1692 et. seq.

39.    Plaintiff suffered some distress and anger as a result of Plaintiff's rights being violated by Plaintiff and likely the rights of other consumers as well.  The value of Plaintiff's emotional distress shall be proven at trial.

40.    Plaintiff believes and avers that the acts committed by Defendant are willful, wanton intentional, or reckless at best.  Plaintiff believes and avers that Defendant's acts are systemic.  Therefore, punitive damages are warranted. Plaintiff damages should be determined by the Court.

41.    For purposes of a default judgment, Plaintiff believes and avers that the value of such punitive damages should be no less than $5,000.00.

## ATTORNEY FEES

42.     Plaintiff believes and avers that  Plaintiff is entitled to reasonable attorney fees

        of $1,750.0  at a rate of $350.00 per hour, described below.


        a.  Consultation with client, review of file and drafting
        of dispute letters, processing disputes                         2
        Meetings on dates including but not limited to
        7-10-2012 and 7-12-2012

        b.  Drafting , editing, review and filing of compliant
        and related documents                                           1


        c.  Follow up correspondence with Defense                       2

                                                        _____

        Total = 5                               $1,750.00

43.     Plaintiff's attorney fees continue to accrue as the case moves forward.

### OTHER RELIEF

44.   The previous paragraphs of this Compliant are incorporated by reference and made a part of this Complaint.

45.   Plaintiff requests such other relief as this court may deem just and proper.

46.   Plaintiff requests and demands a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of $8,751.00 enumerated as follows.

$1.00 actual damages

$1,000.00 statutory damages for FDCPA violation

$1,000 statutory damages for FCRA violation

$1,750.00 attorney fees

$5,000 punitive damages

---

$8,751

Plaintiff seeks declarative relief and in injunction requiring Defendant to comply with 15 USC 1681 s-2. Plaintiff seeks such other relief as this Court deems fair and just.

Vicki Piontek

7·19·12
Date

Vicki Piontek, Esquire
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax:  866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Diane Cannon<br>c/o Piontek Law Office<br>951 Allentown Road<br>Lansdale, PA 19446 | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| Vs. | : | |
| Midland Credit Management<br>8875 Aero Drive, Suite 200<br>San Diego, California 92123<br>and<br>John Does 1-10<br>and<br>X,Y,Z Corporations | : | Jury Trial Demanded |
| | : | |
| Defendant(s) | : | |

## VERIFICATION

I, Diane Cannon, have read the attached Complaint. The facts stated therein are true and correct to the best of my knowledge, understanding and belief.


_Diane Cannon_
Diane Cannon


9/12/12
Date

# EXHIBITS

Diane Cannon
5910 Cottage Street
Philadelphia, PA 19135

Midland Credit Management
8875 Aero Drive
San Diego, CA  92123

Re:   **DISPUTE AND REQUEST FOR INVESTIGATION**
      **Diane Cannon      SSN:** ████████      **DOB:** 12/9/1944

      **Account Number 854243 ****      Alleged High Balance   $176**
      **T-Mobile**

To Whom it May Concern:

Your company has placed derogatory information on my credit report for the above referenced account.

The balance that your company claims against me is excessive and inflated.  The balance is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract.

I request proof of the contracts justifying such charges.  I also would like proof of the balances and a breakdown of all charges.

I dispute such amount of the alleged high balance, and I believe that the actual balance, if any, is much lower than the amount stated on my credit report.

THIS IS A DISPUTED ACCOUNT.  YOU MUST MARK THIS ACCOUNT AS DISPUTED ON MY CREDIT REPORT.

Sincerely,

*Diane Cannon*          11/8/12
Diane Cannon          Date

Diane Cannon
5910 Cottage Street
Philadelphia, PA 19135

Midland Credit Management
8875 Aero Drive
San Diego, CA 92123

Re:   **DISPUTE AND REQUEST FOR INVESTIGATION**
     Diane Cannon    SSN: ████████    DOB: 12/9/1944

    **Account Number 854243 \*\*\*\***    **Alleged High Balance   $176**
    **T-Mobile**

To Whom it May Concern:

       Your company has placed derogatory information on my credit report for the above referenced account.

       The balance that your company claims against me is excessive and inflated. The balance is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract.

       I request proof of the contracts justifying such charges. I also would like proof of the balances and a breakdown of all charges.

       I dispute such amount of the alleged high balance, and I believe that the actual balance, if any, is much lower than the amount stated on my credit report.

       THIS IS A DISPUTED ACCOUNT.   YOU MUST MARK THIS ACCOUNT AS DISPUTED ON MY CREDIT REPORT.

                     Sincerely,

                     *Diane Cannon*   3/8/12
                     Diane Cannon       Date

Diane Cannon
5910 Cottage Street
Philadelphia, PA 19135

Midland Credit Management
8875 Aero Drive
San Diego, CA  92123

Re:  **DISPUTE AND REQUEST FOR INVESTIGATION**
**Diane Cannon      SSN:** 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      **DOB: 12/9/1944**

**Account Number 854243 ****      Alleged High Balance   $176**
**T-Mobile**

To Whom it May Concern:

Your company has placed derogatory information on my credit report for the above referenced account.

The balance that your company claims against me is excessive and inflated. The balance is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract.

I request proof of the contracts justifying such charges. I also would like proof of the balances and a breakdown of all charges.

I dispute such amount of the alleged high balance, and I believe that the actual balance, if any, is much lower than the amount stated on my credit report.

THIS IS A DISPUTED ACCOUNT.   YOU MUST MARK THIS ACCOUNT AS DISPUTED ON MY CREDIT REPORT.

Sincerely,

*Diane Cannon*     3/14/12
Diane Cannon                     Date

Diane Cannon
5910 Cottage Street
Philadelphia, PA 19135

Equifax Information Services
P.O. Box 740241
Atlanta, GA 30374

Re:   **DISPUTE AND REQUEST FOR INVESTIGATION**
     **Diane Cannon    SSN:** ▓▓▓▓▓▓▓▓     **DOB: 12/9/1944**

     **Midland Credit Management**
     **Account Number 854243 \*\*\*\***     **Alleged High Balance  $176**
     **T-Mobile**

To Whom it May Concern:

     Your company has placed derogatory information on my credit report for the above referenced account.

     The balance that your company claims against me is excessive and inflated. The balance is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract.

     I request proof of the contracts justifying such charges. I also would like proof of the balances and a breakdown of all charges.

     I dispute such amount of the alleged high balance, and I believe that the actual balance, if any, is much lower than the amount stated on my credit report.

     THIS IS A DISPUTED ACCOUNT.   YOU MUST MARK THIS ACCOUNT AS DISPUTED ON MY CREDIT REPORT.

Sincerely,

*Diane Cannon*     4/17/12
Diane Cannon              Date

**mcm**
Dept. 12421
PO Box 603
Oaks, PA 19456

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

| | Contact Information: | Tel (800) 825-8131 |
|---|---|---|

04-17-2012

| Hours of Operation: | M-Th 6am - 7pm; |
|---|---|
| | Fri-Sat 6am - 5pm PST |

||||||||||||||||||||||||||||||||||||||||||||||||   91395-076

#BWNHLTH
#0000 0654 2436 8307#
DIANE CANNON
5910 COTTAGE ST
PHILADELPHIA, PA 19135-4005

Original Creditor:     T-MOBILE
Original Account No.:  736350944

MCM Account No.:       8542436830

Dear DIANE CANNON,

The purpose of this letter is to advise you that you did not provide sufficient information to investigate your dispute of the credit reporting of your above-referenced account pursuant to the Fair Credit Reporting Act.

In order to investigate your dispute, we need detailed information to identify the basis of your dispute, including a complete explanation of your dispute. Further, we need a copy of any documentation you may have to support your dispute. In the interim, we have requested that the three major credit bureaus change the status of this account to "Disputed."

Examples of such documentation include the following:

1. **Paid in full or account settled:** Proof of payment, for example: a) a copy of the front and back of payment instrument with copy of settlement offer or statement showing balance and account number; b) a copy of paid in full or settlement in full letter showing account number; or c) other document showing balance has been fully satisfied.

2. **Fraud or Identity Theft:** a) a copy of a police report; b) Federal Trade Commission Fraud Affidavit that has been filled out (which can be obtained at www.ftc.gov/idtheft); or c) notarized fraud affidavit.

3. **Balance discrepancy:** a) copy of contract that states rates for time frame of disputed service; b) a copy of bills or statements that show amount owed or rates; or c) a more detailed explanation of disputed charges.

Please send the above information to:

Attention: Consumer Support Services
P.O. Box 939069
San Diego, CA 92193

We can be reached at (800) 825-8131, Ext. 24025 should you have any further questions.

Sincerely,

Consumer Support Services

Please understand this communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

QC01

Return Mail Only - No Correspondence
**mcm** Dept. 12421
PO Box 603
Oaks, PA 19456

| | |
|---|---|
| Contact Information: | Tel (800) 825-8131 |
| Hours of Operation: | M-Th 6am - 7pm; |
| | Fri-Sat 6am - 5pm PST |
| Original Creditor: | T-MOBILE |
| Original Account No.: | 736350944 |
| | |
| MCM Account No.: | 8542436830 |

04-18-2012

*8UNHLTH
*0000 0854 2436 8307*
DIANE CANNON
5930 COTTAGE ST
PHILADELPHIA, PA 19135-4005

Dear DIANE CANNON,

The purpose of this letter is to advise you that you did not provide sufficient information to investigate your dispute of the credit reporting of your above-referenced account pursuant to the Fair Credit Reporting Act.

In order to investigate your dispute, we need detailed information to identify the basis of your dispute, including a complete explanation of your dispute. Further, we need a copy of any documentation you may have to support your dispute. In the interim, we have requested that the three major credit bureaus change the status of this account to "Disputed."

Examples of such documentation include the following:

1. **Paid in full or account settled:** Proof of payment, for example: a) a copy of the front and back of payment instrument with copy of settlement offer or statement showing balance and account number; b) a copy of paid in full or settlement in full letter showing account number; or c) other document showing balance has been fully satisfied.

2. **Fraud or Identity Theft:** a) a copy of a police report; b) Federal Trade Commission Fraud Affidavit that has been filled out (which can be obtained at www.ftc.gov/idtheft); or c) notarized fraud affidavit.

3. **Balance discrepancy:** a) copy of contract that states rates for time frame of disputed service; b) a copy of bills or statements that show amount owed or rates; or c) a more detailed explanation of disputed charges.

Please send the above information to:

Attention: Consumer Support Services
P.O. Box 939069
San Diego, CA 92193

We can be reached at (800) 825-8131, Ext. 24025 should you have any further questions.

Sincerely,

Consumer Support Services

Please understand this communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

699

QC01

# EQUIFAX

## CREDIT FILE : May 17, 2012
## Confirmation # 2136027275

002036

0011170173-2036
Diane Cannon
8910 Cottage St
Philadelphia, PA 19135-4005

P. O. Box 105518
Atlanta, GA 30348

Dear Diane Cannon:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file.  If you have additional questions regarding the reinvestigated items, please contact the source of that information directly.  You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 237-1106 from 9:00am to 5:00pm  Monday-Friday in your time zone.

Thank you for giving Equifax the opportunity to serve you.

### The Results Of Our Reinvestigation

#### Credit Account Information
(For your security, the last 4 digits of account number(s) have been replaced by *)
(This section includes open and closed accounts reported by credit grantors)

| Account History Status Code Descriptions | 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
|---|---|---|---|
| | 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| | 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| | 4 : 120-149 Days Past Due | H : Foreclosure | |

>>> **We have researched the credit account.  Account # - 854243*  The results are:** We have verified that this item has been reported correctly. If you have documents that release you from this obligation, please forward a copy to us. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: **Midland Credit MGMT Inc, 8875 Aero Dr Ste 200, San Diego  CA 92123-2255 Phone: (800) 825-8131**

**Midland Funding LLC   8875 Aero Dr Ste 200, San Diego CA 92123-2255 . (800) 825-8131**

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Rvwd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 854243* | 09/2011 | $176 | $0 | | | 5 | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/2012 | $175 | $175 | | $0 | $0 | 12/2009 | | 11/2011 | $0 | | $0 | | |

Status - Collection Account; Type of Account - Open; Type of Loan - Debt Buyer Account; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Consumer Disputes This Account Information; Collection Account;

| Account History with Status Codes | 04/2012 G |
|---|---|

Diane Cannon
5910 Cottage Street
Philadelphia, PA 19135

Trans Union Corporation
P.O. Box 1000
Chester, PA 19022

Re:  **DISPUTE AND REQUEST FOR INVESTIGATION**
**Diane Cannon**   SSN: ████████   DOB: 12/9/1944

**Midland Credit Management**
**Account Number 854243 ****        Alleged High Balance  $176**
**T-Mobile**

To Whom it May Concern:

Your company has placed derogatory information on my credit report for the above referenced account.

The balance that your company claims against me is excessive and inflated. The balance is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract.

I request proof of the contracts justifying such charges.  I also would like proof of the balances and a breakdown of all charges.

I dispute such amount of the alleged high balance, and I believe that the actual balance, if any, is much lower than the amount stated on my credit report.

THIS IS A DISPUTED ACCOUNT.   YOU MUST MARK THIS ACCOUNT AS DISPUTED ON MY CREDIT REPORT.

Sincerely,

*Diane Cannon*          5/18/12
Diane Cannon           Date

**Diane Cannon**
**5910 Cottage Street**
**Philadelphia, PA 19135**

Equifax
P.O. Box 740241
Atlanta, GA 30374

Re:   **DISPUTE AND REQUEST FOR REINVESTIGATION**
      **Diane Cannon SSN:** ▓▓▓▓▓▓▓        **DOB:** 12/9/1944
      **Midland Credit Management**
      **Account Number 854243 ****        Alleged High Balance   $176**
      **T-Mobile**

To Whom it May Concern:

I wish to dispute the above referenced account. I am not disputing that this is my account. But I am disputing the amount of the alleged high balance. I dispute the amount of the alleged high balance, and I believe that the actual balance, if any, is much lower than the amount stated on my credit report.

I have requested proof of the contract to justify the alleged high balance.   I have requested proof of the balances and a breakdown of all charges. See attached exhibit. Midland Credit Management then sent me correspondence that I did not provide sufficient information to investigate the dispute. See attached exhibits.

I most definitely did provide sufficient information so that Midland Credit management could investigate the account. I requested a contract. I requested documentation of the alleged balance. You provided me nothing, and the record indicates that you did not even conduct an investigation.

Midland Credit Management has failed to produce any meaningful proof of the alleged balance. Instead the furnisher simply sent me a letter tell me that I was wrong and they were right. See attached exhibit. The furnisher's response is woefully deficient. No contract was ever provided proving that I agreed to the charges assessed against me. Furthermore, the furnisher has failed to provide any type of meaningful breakdown of the charges.

The United States Court of Appeals for the Fourth Circuit held that the FCRA requires a detailed examinations of the documents underlying customer transactions before responding to inquiries about a customer's debt, instead of relying on computer databases that provide convenient but potentially incomplete or inaccurate customer account information. See *Johnson v. MBNA America Bank*, No. 03-1235 (February 11, 2004).

I request a reinvestigation. Thank you.

Sincerely,

*Diane Cannon*  6/7/12
Diane Cannon                          Date

Diane Cannon
5910 Cottage Street
Philadelphia, PA 19135

Midland Credit Management
8875 Aero Drive
San Diego, CA 92123

Re:   **DISPUTE AND REQUEST FOR INVESTIGATION**
      **Diane Cannon        SSN:** 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        **DOB: 12/9/1944**

      **Account Number 854243 ****        Alleged High Balance   $176**
      **T-Mobile**

To Whom it May Concern:

        Your company has placed derogatory information on my credit report for the above
referenced account.

        I disputed this account more than once.  See attached exhibits.

        Your company sent me correspondence that I did not provide sufficient information to
investigate the dispute.  See attached exhibits.

        I most definitely did provide sufficient information so that you could investigate the account.
I requested a contract.  I requested documentation of the alleged balance.  You provided me nothing,
and the record indicates that you did not even conduct an investigation.

        The United States Court of Appeals for the Fourth Circuit held that the FCRA requires a
detailed examinations of the documents underlying customer transactions before responding to
inquiries about a customer's debt, instead of relying on computer databases that provide convenient
but potentially incomplete or inaccurate customer account information.  See *Johnson v. MBNA
America Bank*, No. 03-1235 (February 11, 2004).

        I request a reinvestigation.  Thank you.

                                        Sincerely,

                                        *Diane Cannon*        6/7/12
                                        Diane Cannon          Date

# EQUIFAX

**CREDIT FILE : June 8, 2012**
**Confirmation # 2156004361**

001364

P. O. Box 105618
Atlanta, GA 30348

00118177191-1364
Diane Cannon
5910 Cottage St
Philadelphia, PA 19135-4006

Dear Diane Cannon:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 855-4629 from 9:00am to 5:00pm Monday-Friday in your time zone.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

### Credit Account Information
(For your security, the last 4 digits of account number(s) have been replaced by *)
(This section includes open and closed accounts reported by credit grantors)



| Account History Status Code Descriptions | 1 : 30-59 Days Past Due<br>2 : 60-89 Days Past Due<br>3 : 90-119 Days Past Due<br>4 : 120-149 Days Past Due | 5 : 150-179 Days Past Due<br>6 : 180 or More Days Past Due<br>G : Collection Account<br>H : Foreclosure | J : Voluntary Surrender<br>K : Repossession<br>L : Charge Off |
|---|---|---|---|

**>>> We have researched the credit account. Account # - 854243* The results are:** This creditor has verified to OUR company that the prior paying history is being reported correctly. This creditor has verified to OUR company that the current status is being reported correctly. This creditor has verified to OUR company that the balance is being reported correctly. If you have additional questions about this item please contact: *Midland Credit MGMT Inc, 8875 Aero Dr Ste 200, San Diego CA 92123-2255 Phone: (800) 825-8131*

**Midland Funding LLC** - 8875 Aero Dr Ste 200 San Diego CA 92123-2255 - (800) 825-8131

| Account Number | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | | Months Rev'd | Activity Designator | | Creditor Classification |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 854243* | | 09/2011 | $176 | $0 | | | | 5 | | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Pymnt | Actual Pymnt Amount | Scheduled Pymnt Amount | Date of 1st Delinquency | Date of Last Activty | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/2012 | $175 | $175 | | $0 | $0 | 12/2009 | | 11/2011 | $0 | | $0 | | |

Status - Collection Account; Type of Account - Open; Type of Loan - Debt Buyer Account; Whose Account - Individual Account; ADDITIONAL INFORMATION - Consumer Disputes This Account Information; Collection Account;

| Account History with Status Codes | 05/2012 G |
|---|---|

*** 310402111-023 ***
P.O. Box 2000
Chester, PA 19022-2000

06/08/2012    TransUnion. 

P227F300200054-I000319-134266194

DIANE CANNON
5910 COTTAGE ST
PHILADELPHIA, PA 19135

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of the source of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit
http://transunion.com/consumerfaqs .

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| CAPITAL ONE BANK USA NA | # 486236715349**** | NEW INFORMATION BELOW |
| MIDLAND FUNDING LLC | # 854243**** | NEW INFORMATION BELOW |

| | | |
|---|---|---|
| File Number: | 310402111 | |
| Page: | 1 of 1 | **TransUnion.** |
| Date Issued: | 06/08/2012 | |

## -Begin Credit Report-

Special Notes: If any item on your credit report begins with 'MEDICAL', it includes medical information and the data following 'MEDICAL' is not displayed to anyone but you except where permitted by law.

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A Not Applicable | X Unknown | OK Current | 30 30 days late | 60 60 days late | 90 90 days late | 120 120 days late |

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in brackets or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors.

**CAPITAL ONE BANK USA NA #486236715349****
PO BOX 30281
SALT LAKE CITY, UT 84130
(800) 258-9319

| | | | |
|---|---|---|---|
| Balance: | $1,673 | Pay Status: | >Charged Off< |
| Date Verified: | 06/07/2012 | Account Type: | Revolving Account |
| High Balance: | $1,099 | Responsibility: | Individual Account |
| Credit Limit: | $500 | Date Opened: | 08/14/2006 |
| Past Due: | >$1,673< | Date Closed: | 01/11/2008 |
| Last Payment: | 06/01/2007 | | |

Loan Type: CREDIT CARD
Remarks: ACCT INFO DISPUTED BY CONSUMR
Estimated month and year that this item will be removed: 06/2014

**MIDLAND FUNDING LLC #854243****
8875 AERO DR
SUITE 200
SAN DIEGO, CA 92123
(800) 825-8131

| | | | |
|---|---|---|---|
| Balance: | $175 | Pay Status: | >In Collection< |
| Date Verified: | 06/07/2012 | Account Type: | Open Account |
| Original Amount: | $176 | Responsibility: | Individual Account |
| Original Creditor: | T MOBILE | | |
| Past Due: | >$175< | | |

Loan Type: FACTORING COMPANY ACCOUNT
Date placed for collection: 09/30/2011
Remarks: ACCT INFO DISPUTED BY CONSUMR
Estimated month and year that this item will be removed: 11/2016

### - End of Investigation results -

To view a free copy of your full, updated credit file, go to our website www.transunion.com/fullreport

### -End of Credit Report-

P 227F3-002 00054-I000321 03/06

| | |
|---|---|
| | Contact Information:  Tel (800) 825-8131 |
| | Hours of Operation:  M-Th 6am - 7pm; |
| | Fri-Sat 6am - 5pm Pacific Time |
| 07-05-2012 | Original Creditor:  T-MOBILE |
| | Original Account No.:  736350944 |
| | |
| ꞏꞏꞏꞏꞏꞏꞏꞏꞏꞏꞏꞏꞏꞏꞏꞏꞏꞏꞏ  91385-837 | MCM Account No.:  8542436830 |

```
#BWNHLTH
#0000 0854 2436 8307#
DIANE CANNON
5910 COTTAGE ST
PHILADELPHIA, PA 19135-4005
```

Dear DIANE CANNON,

The purpose of this letter is to advise you that we are not required to investigate your dispute of the credit reporting of your above-referenced account pursuant to the Fair Credit Reporting Act because your dispute is frivolous or irrelevant.

Examples of irrelevant disputes include a dispute related to: a) your identifying information, such as name(s), date of birth, Social Security number, telephone number(s) or address(es); b) the identity of past or present employers; c) inquires or requests for a consumer report; d) information from public records, such as judgments, bankruptcies, liens or other legal matters; e) information related to fraud alerts or active duty alerts; f) information placed on your credit report by someone other than our company; or g) we have a reasonable belief that the dispute was submitted by, or with the assistance of, a credit repair organization.

Examples of frivolous disputes include: a) a dispute that is substantially the same as a dispute submitted by you regarding this account which was previously submitted by you directly to us or through a credit reporting agency, to which we have already responded; and b) a dispute that does not contain enough information for us to investigate, such as the account number to which your dispute applies.

If you have additional documentation or information regarding your dispute, please send it to:

Attention:  Consumer Support Services
P.O. Box 939069
San Diego, CA 92193

We can be reached at (800) 825-8131, Ext. 32980 should you have any further questions.  In the meantime, we have requested that the three major credit bureaus change the status of this account to "Disputed."

Sincerely,

Consumer Support Services

Please understand this communication is from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

As of the date of this letter you owe the amount listed as Current Balance. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. To obtain an exact payoff amount, or for further information, please call one of our Account Managers at (800) 825-8131.

QC02



7011 3500 0001 2441 8560





U.S. POSTAGE
PAID
LANSDALE.PA
19446
SEP 05. 12
AMOUNT

$8.00
00089016-10

1000          92123

Cory Piontek, Esquire
951 Allentown Road
Lansdale, PA  19446

RETURN RECEIPT
REQUESTED

Legal-Spolar

Midland Credit Management
8875 Aero Drive
Suite 200
San Diego, CA  92123

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

DIANE CANNON

vs.

MIDLAND CREDIT MANAGEMENT INC et al

# EXHIBIT "B"

NO. 2012-19034

Case# 2012-19034-3 Received at Montgomery County Prothonotary on 09/17/2012 11:59 A.M. Fee = $0.00

### NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA

Diane Cannon                                             :
c/o Piontek Law Office                                   :
951 Allentown Road                                       :
Lansdale, PA 19446                                       :        2012-19034
                            Plaintiffs                   :

Vs.                                                      :
Midland Credit Management                                :
8875 Aero Drive, Suite 200                               :
San Diego, California 92123                              :
and                                                      :        Jury Trial Demanded
John Does 1-10                                           :
and                                                      :
X,Y,Z Corporations                                       :
                            Defendant(s)                 :

## NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

Case# 2012-19034-3 Received at Montgomery County Prothonotary on 09/17/2012 11:59 AM, Fee = $0.00